Name: Ryan Abair
Address: General Delivery
Apple Valley, CA 92307-9999
Phone: (442) 230-9438
Fax: N/A

FILED
FILED
CLERK, U.S. DISTRICT COURT
NOV - 2 2026
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION BY DEPUTY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Ryan Abair, Plaintiff

v.

LOEWE et al., Defendant(s).

CASE NUMBER: 5:26-cv-05884-KK-SPx

FIRST AMENDED COMPLAINT
Copyright Infringement
Jury Trial Demanded

**OVERVIEW OF ALLEGATIONS AND RELIEF**

Plaintiff brings this First Amended Complaint under 17 U.S.C. §§ 106 and 501, alleging that Defendants, without authorization, traced, copied, altered, reproduced, displayed, and commercially exploited protectable visual expression from Plaintiff's original artwork.

Plaintiff alleges the challenged imagery appeared on merchandise and commercial listings for financial gain. Plaintiff seeks actual damages and all profits attributable to infringement under 17 U.S.C. § 504(b), without duplicate recovery.

Plaintiff requests a defendant-specific accounting of sales, licensing, distribution, costs, and attributable profits, along with appropriate injunctive relief. Actual sales and profits remain subject to evidence and discovery.

NATURE OF THE ACTION — COPYRIGHT INFRINGEMENT

Plaintiff Ryan Abair brings this First Amended Complaint for copyright infringement under 17 U.S.C. §§ 106 and 501. Plaintiff alleges that Defendants, without her authorization, traced, copied, reproduced, altered, uploaded, publicly displayed, advertised, and commercially exploited protected visual expression from Plaintiff's original artwork.

Plaintiff alleges that Defendants placed copied or altered portions of her artwork on merchandise and uploaded images of challenged merchandise to commercial websites and product listings for financial gain. The alleged copying includes tracing, rearrangement, and alteration of original compositions and visual arrangements, not necessarily exact duplication.

Plaintiff seeks actual damages and profits attributable to infringement under 17 U.S.C. § 504(b), injunctive relief under § 502, and other authorized remedies. Challenged listing counts are not necessarily completed sales or distinct infringed works.

The existing defendant-specific allegations, disputed attribution allegations, and provisions concerning future visual exhibits, aggregator platforms, and payment processors are preserved. Reference to an entity in an exhibit does not alone make it a defendant.

I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Ryan Abair is an individual artist residing in California. She created the original visual works described below and alleges ownership of the copyright in their protectable expression.

2. Named defendants: LOEWE / LOEWE LLC / LOEWE S.A.; LOUIS VUITTON / Louis Vuitton USA Inc. / Louis Vuitton North America, Inc. / Louis Vuitton Malletier SAS; AFRM / Topson Downs, LLC d/b/a AFRM; WACKO MARIA / WACKO MARIA Co., Ltd.; KHRISJOY / KHRISJOY S.R.L.; CHOPOVA LOWENA / Chopova Lowena Ltd.; ALEMAIS / ALEMAIS RAE PTY LTD; JUNYA WATANABE / Comme des Garcons Co., Ltd. d/b/a Junya Watanabe; and STAUD / STAUD, Inc. Plaintiff attributes the acts described below to the named brands; the role of each affiliated legal entity must be established individually.

3. This Court has subject-matter jurisdiction over the copyright claim under 28 U.S.C. §§ 1331, 1338(a).

4. Plaintiff alleges venue under 28 U.S.C. § 1400(a). For any qualifying foreign defendant, Plaintiff also invokes 28 U.S.C. § 1391(c)(3). Plaintiff recognizes that personal jurisdiction must be established as to each defendant based on the facts and applicable law.

II. WORKS AND DISCOVERY METHOD

5. The works identified are Static Bloom (VA 2-480-154), Checkered Dreamscape (VA 2-480-136), Peach Circuity (VA 2-480-138), Splatter Ledger (VA 2-480-134), Golden Strings (VA 2-480-131), and Mosaic Phantom, Cobra Oracle, Cosmic Notice, and The Watchers / Watcher's Collage, alleged to be included in collection registration VAu 1-553-394. Deposit records control the scope of the collection registration.

6. Plaintiff makes original art and uploads images of her art onto products. She used reverse-image searching to look for her imagery online, inspected the search results and product pages, and compared them with her original art and product-upload images. She observed allegedly matching expressive fragments on products already advertised for sale.

7. In the finished product images, Plaintiff observed portions of her work that appeared divided or split apart, flipped or mirrored, traced, recolored, moved, and recombined. These are visual comparisons and allegations of copying; Plaintiff does not claim personal knowledge of defendants' internal design methods without their design records.

8. Plaintiff's allegations about the visual material are based on her observations and comparisons. Plaintiff does not claim personal knowledge of who performed any particular design step, whether a defendant or supplier created or altered imagery, or what internal instructions were used.

9. Plaintiff alleges the challenged products were advertised for hundreds or thousands of dollars per item. The amount varies by item and must be substantiated with archived listings. A listing is not a completed sale, and repeated listings may describe the same product. Plaintiff seeks item-level records of actual transactions, quantities, net receipts, and attributable profits.

## III. INDIVIDUAL DEFENDANT ALLEGATIONS

### A. LOEWE

## III. INDIVIDUAL DEFENDANT ALLEGATIONS

### A. LOEWE

10. Plaintiff discovered the challenged LOEWE material by conducting reverse-image searches using imagery from artwork she created and uploaded onto products. She opened results associated with LOEWE, examined the displayed products and commercial photographs, and compared them side by side with her original work Static Bloom (VA 2-480-154). This describes how she identified the alleged misconduct independently of the defendant's internal records.

11. In the displayed imagery, Plaintiff observed what she alleges were copied floral components, outlines, placement, and expressive arrangements. The visual material appeared separated into fragments, flipped or mirrored, traced, repositioned, or otherwise modified and incorporated into already marketed products. Plaintiff alleges copying of original expression, not ownership of the general subject or artistic style. Whether a particular manipulation was performed by LOEWE or a supplier requires further evidence.

12. Plaintiff identifies multiple merchandise products and retail-platform listings as challenged commercial uses. Her records identify 338 challenged listings associated with LOEWE; this is a listing count, not a verified count of unique products or sales. Plaintiff alleges the displayed items were offered for hundreds or thousands of dollars per product, depending on the listing; precise prices, product identifiers, and sales amounts are subject to proof.

13. Plaintiff alleges she never licensed or authorized LOEWE to reproduce, adapt, distribute, or display her protected expression. Plaintiff alleges she notified LOEWE of her claim and demanded removal,

but challenged use continued. She seeks proof of notice dates, later listings, completed sales, and profits attributable to the specific alleged copying.

B. LOUIS VUITTON

14. Plaintiff discovered the challenged LOUIS VUITTON material by conducting reverse-image searches using imagery from artwork she created and uploaded onto products. She opened results associated with LOUIS VUITTON, examined the displayed products and commercial photographs, and compared them side by side with her original work Checkered Dreamscape (VA 2-480-136). This describes how she identified the alleged misconduct independently of the defendant's internal records.

15. In the displayed imagery, Plaintiff observed what she alleges were copied particular checkerboard-related expressive elements and their original arrangement, rather than checkerboards in general. The visual material appeared separated into fragments, flipped or mirrored, traced, repositioned, or otherwise modified and incorporated into already marketed products. Plaintiff alleges copying of original expression, not ownership of the general subject or artistic style. Whether a particular manipulation was performed by LOUIS VUITTON or a supplier requires further evidence.

16. Plaintiff identifies multiple merchandise products associated with the KidSuper collaboration as challenged commercial uses. Her records identify 29 challenged listings associated with LOUIS VUITTON; this is a listing count, not a verified count of unique products or sales. Plaintiff alleges the displayed items were offered for hundreds or thousands of

dollars per product, depending on the listing; precise prices, product identifiers, and sales amounts are subject to proof.

17. Plaintiff alleges she never licensed or authorized LOUIS VUITTON to reproduce, adapt, distribute, or display her protected expression. Plaintiff alleges she notified LOUIS VUITTON of her claim and demanded removal, but challenged use continued. She seeks proof of notice dates, later listings, completed sales, and profits attributable to the specific alleged copying.

C. AFRM

18. Plaintiff discovered the challenged AFRM material by conducting reverse-image searches using imagery from artwork she created and uploaded onto products. She opened results associated with AFRM, examined the displayed products and commercial photographs, and compared them side by side with her original work Mosaic Phantom (VAu 1-553-394). This describes how she identified the alleged misconduct independently of the defendant's internal records.

19. In the displayed imagery, Plaintiff observed what she alleges were copied identifiable original visual components in the Mirza series. The visual material appeared separated into fragments, flipped or mirrored, traced, repositioned, or otherwise modified and incorporated into already marketed products. Plaintiff alleges copying of original expression, not ownership of the general subject or artistic style. Whether a particular manipulation was performed by AFRM or a supplier requires further evidence.

20. Plaintiff identifies Mirza-series merchandise and related listings as challenged commercial uses. Her records identify 40 challenged listings

associated with AFRM; this is a listing count, not a verified count of unique products or sales. Plaintiff alleges the displayed items were offered for hundreds or thousands of dollars per product, depending on the listing; precise prices, product identifiers, and sales amounts are subject to proof.

21. Plaintiff alleges she never licensed or authorized AFRM to reproduce, adapt, distribute, or display her protected expression. Plaintiff alleges she notified AFRM of her claim and demanded removal, but challenged use continued. She seeks proof of notice dates, later listings, completed sales, and profits attributable to the specific alleged copying.

D. WACKO MARIA

22. Plaintiff discovered the challenged WACKO MARIA material by conducting reverse-image searches using imagery from artwork she created and uploaded onto products. She opened results associated with WACKO MARIA, examined the displayed products and commercial photographs, and compared them side by side with her original work The Watchers / Watcher's Collage (VAu 1-553-394). This describes how she identified the alleged misconduct independently of the defendant's internal records.

23. In the displayed imagery, Plaintiff observed what she alleges were copied distinctive collage fragments, drawn details, and their arrangement. The visual material appeared separated into fragments, flipped or mirrored, traced, repositioned, or otherwise modified and incorporated into already marketed products. Plaintiff alleges copying of original expression, not ownership of the general subject or artistic style. Whether a particular manipulation was performed by WACKO MARIA or a supplier requires further evidence.

24. Plaintiff identifies merchandise described in challenged listings using the Basquiat attribution as challenged commercial uses. Her records identify 200 or more challenged listings associated with WACKO MARIA; this is a listing count, not a verified count of unique products or sales. Plaintiff alleges the displayed items were offered for hundreds or thousands of dollars per product, depending on the listing; precise prices, product identifiers, and sales amounts are subject to proof.

25. Plaintiff alleges she never licensed or authorized WACKO MARIA to reproduce, adapt, distribute, or display her protected expression. Plaintiff alleges she notified WACKO MARIA of her claim and demanded removal, but challenged use continued. She seeks proof of notice dates, later listings, completed sales, and profits attributable to the specific alleged copying.

E. KHRISJOY

26. Plaintiff discovered the challenged KHRISJOY material by conducting reverse-image searches using imagery from artwork she created and uploaded onto products. She opened results associated with KHRISJOY, examined the displayed products and commercial photographs, and compared them side by side with her original work Cobra Oracle (VAu 1-553-394). This describes how she identified the alleged misconduct independently of the defendant's internal records.

27. In the displayed imagery, Plaintiff observed what she alleges were copied identifiable expressive details and arrangements. The visual material appeared separated into fragments, flipped or mirrored, traced, repositioned, or otherwise modified and incorporated into already marketed products. Plaintiff alleges copying of original expression, not ownership of the general subject or artistic style. Whether a particular

manipulation was performed by KHRISJOY or a supplier requires further evidence.

28. Plaintiff identifies Graffiti Parka merchandise and related listings as challenged commercial uses. Her records identify 101 challenged listings associated with KHRISJOY; this is a listing count, not a verified count of unique products or sales. Plaintiff alleges the displayed items were offered for hundreds or thousands of dollars per product, depending on the listing; precise prices, product identifiers, and sales amounts are subject to proof.

29. Plaintiff alleges she never licensed or authorized KHRISJOY to reproduce, adapt, distribute, or display her protected expression. Plaintiff alleges she notified KHRISJOY of her claim and demanded removal, but challenged use continued. She seeks proof of notice dates, later listings, completed sales, and profits attributable to the specific alleged copying.

F. CHOPOVA LOWENA

30. Plaintiff discovered the challenged CHOPOVA LOWENA material by conducting reverse-image searches using imagery from artwork she created and uploaded onto products. She opened results associated with CHOPOVA LOWENA, examined the displayed products and commercial photographs, and compared them side by side with her original work Cosmic Notice (VAu 1-553-394). This describes how she identified the alleged misconduct independently of the defendant's internal records.

31. In the displayed imagery, Plaintiff observed what she alleges were copied distinctive traced or fragmented original elements. The visual material appeared separated into fragments, flipped or mirrored, traced, repositioned, or otherwise modified and incorporated into already

marketed products. Plaintiff alleges copying of original expression, not ownership of the general subject or artistic style. Whether a particular manipulation was performed by CHOPOVA LOWENA or a supplier requires further evidence.

32. Plaintiff identifies Early Bird collection merchandise as challenged commercial uses. Her records identify 18 challenged listings associated with CHOPOVA LOWENA; this is a listing count, not a verified count of unique products or sales. Plaintiff alleges the displayed items were offered for hundreds or thousands of dollars per product, depending on the listing; precise prices, product identifiers,
and sales amounts are subject to proof.

33. Plaintiff alleges she never licensed or authorized CHOPOVA LOWENA to reproduce, adapt, distribute, or display her protected expression. Plaintiff alleges she notified CHOPOVA LOWENA of her claim and demanded removal, but challenged use continued. She seeks proof of notice dates, later listings, completed sales, and profits attributable to the specific alleged copying.

G. ALEMAIS

34. Plaintiff discovered the challenged ALEMAIS material by conducting reverse-image searches using imagery from artwork she created and uploaded onto products. She opened results associated with ALEMAIS, examined the displayed products and commercial photographs, and compared them side by side with her original work Peach Circuity (VA 2-480-138). This describes how she identified the alleged misconduct independently of the defendant's internal records.

35. In the displayed imagery, Plaintiff observed what she alleges were copied specific original illustrated segments, outlines, and their

arrangement. The visual material appeared separated into fragments, flipped or mirrored, traced, repositioned, or otherwise modified and incorporated into already marketed products. Plaintiff alleges copying of original expression, not ownership of the general subject or artistic style. Whether a particular manipulation was performed by ALEMAIS or a supplier requires further evidence.

36. Plaintiff identifies multiple products in the Soleil line as challenged commercial uses. Plaintiff does not allege a verified numerical listing total for this defendant in the present record. Plaintiff alleges the displayed items were offered for hundreds or thousands of dollars per product, depending on the listing; precise prices, product identifiers, and sales amounts are subject to proof.

37. Plaintiff alleges she never licensed or authorized ALEMAIS to reproduce, adapt, distribute, or display her protected expression. Plaintiff alleges she notified ALEMAIS of her claim and demanded removal, but challenged use continued. She seeks proof of notice dates, later listings, completed sales, and profits attributable to the specific alleged copying.

H. JUNYA WATANABE

38. Plaintiff discovered the challenged JUNYA WATANABE material by conducting reverse-image searches using imagery from artwork she created and uploaded onto products. She opened results associated with JUNYA WATANABE, examined the displayed products and commercial photographs, and compared them side by side with her original work Golden Strings (VA 2-480-131). This describes how she identified the alleged misconduct independently of the defendant's internal records.

39. In the displayed imagery, Plaintiff observed what she alleges were copied specific drawn expressive elements and their arrangement. The visual material appeared separated into fragments, flipped or mirrored, traced, repositioned, or otherwise modified and incorporated into already marketed products. Plaintiff alleges copying of original expression, not ownership of the general subject or artistic style. Whether a particular manipulation was performed by JUNYA WATANABE or a supplier requires further evidence.

40. Plaintiff identifies merchandise bearing a disputed Keith Haring attribution as challenged commercial uses. Her records identify 19 challenged listings associated with JUNYA WATANABE; this is a listing count, not a verified count of unique products or sales. Plaintiff alleges the displayed items were offered for hundreds or thousands of dollars per product, depending on the listing; precise prices, product identifiers, and sales amounts are subject to proof.

41. Plaintiff alleges she never licensed or authorized JUNYA WATANABE to reproduce, adapt, distribute, or display her protected expression. Plaintiff alleges she notified JUNYA WATANABE of her claim and demanded removal, but challenged use continued. She seeks proof of notice dates, later listings, completed sales, and profits attributable to the specific alleged copying.

I. STAUD

42. Plaintiff discovered the challenged STAUD material by conducting reverse-image searches using imagery from artwork she created and uploaded onto products. She opened results associated with STAUD, examined the displayed products and commercial photographs, and

compared them side by side with her original work Splatter Ledger (VA 2-480-134). This describes how she identified the alleged misconduct independently of the defendant's internal records.

43. In the displayed imagery, Plaintiff observed what she alleges were copied original splatter components, traced fragments, and expressive placement. The visual material appeared separated into fragments, flipped or mirrored, traced, repositioned, or otherwise modified and incorporated into already marketed products. Plaintiff alleges copying of original expression, not ownership of the general subject or artistic style. Whether a particular manipulation was performed by STAUD or a supplier requires further evidence.

44. Plaintiff identifies multiple merchandise products including the Sails Up line as challenged commercial uses. Her records identify 258 challenged listings associated with STAUD; this is a listing count, not a verified count of unique products or sales. Plaintiff alleges the displayed items were offered for hundreds or thousands of dollars per product, depending on the listing; precise prices, product identifiers, and sales amounts are subject to proof.

45. Plaintiff alleges she never licensed or authorized STAUD to reproduce, adapt, distribute, or display her protected expression. Plaintiff alleges she notified STAUD of her claim and demanded removal, but challenged use continued. She seeks proof of notice dates, later listings, completed sales, and profits attributable to the specific alleged copying. IDENTIFICATION ADDITIONAL FACTUAL ALLEGATIONS

45A. Plaintiff used her original digital artwork and product-upload images as reference material when conducting reverse-image searches. For each named brand, she compared the original composition with the challenged commercial photograph, examining the relative position,

contours, orientation, color, and arrangement of allegedly corresponding elements. The search results directed her to product pages; the visual comparisons, not the search engine result alone, form the basis of her copying allegations.

45B. Plaintiff alleges that, for LOEWE, Louis Vuitton, ALEMAIS, and STAUD, similar allegedly copied portions appeared across multiple merchandise products rather than solely one product photograph. Plaintiff alleges this repeated placement in the LOEWE Static Bloom, Louis Vuitton Checkered Dreamscape, ALEMAIS Peach Circuity, and STAUD Splatter Ledger comparisons, respectively. She does not equate the number of online listings with the number of unique designs, units manufactured, or units sold.

45C. Plaintiff alleges that the challenged photographs for AFRM, WACKO MARIA, KHRISJOY, CHOPOVA LOWENA, and JUNYA WATANABE likewise display allegedly corresponding expression from the specific works identified in their respective sections. For each, Plaintiff challenges the observed configuration of expressive elements, not a genre, artistic influence, or general visual resemblance. The exact products, pages, dates, and comparative image pairs must be identified from Plaintiff's retained screenshots and underlying records. CONTACTS

45D. Plaintiff alleges that product pages and commercial marketing materials associated the challenged merchandise with the named brands. Such identification is the basis for naming the brands and their identified affiliated entities; it does not independently establish which corporation designed, manufactured, imported, sold, or controlled any particular product or listing. Plaintiff seeks identification of the responsible entities through brand ownership, seller-of-record, manufacturing, licensing,

distribution, and website-operation records. Liability is asserted only for acts attributable to each entity.

45E. Plaintiff alleges that online listings made challenged merchandise available

for viewing and purchase. She does not allege that online accessibility alone establishes personal jurisdiction in California. Any defendant-specific California transactions, targeted advertising, shipments, retail distribution, or other suit-related contacts, and the location of relevant acts, must be supported by records before they can establish jurisdiction or venue. DAMAGES

45F. Plaintiff alleges she communicated ownership claims and removal demands to the respective brands, as stated in their individual sections. She further alleges she later observed challenged material remaining online. Whether any particular listing remained accessible after the corresponding notice, and whether a responsible entity received the notice, depend on the notice messages, delivery records, dated screenshots, archived pages, and subsequent sales records. Plaintiff does not assert an unverified date or recipient.

45G. Plaintiff alleges that advertised prices for challenged merchandise included amounts in the hundreds or thousands of dollars, varying by item. An advertised price is not proof of a completed transaction or defendant profit. Plaintiff seeks product-level evidence of sales, revenue, returns, deductible costs, and the portion of profit causally attributable to any established infringement, without treating duplicate retail listings as separate sales.

45H. Plaintiff seeks to identify, for each challenged product, the seller and responsible legal entity; product name or SKU; original artwork and allegedly corresponding protected details; listing URL and date;

advertised price; available comparison images; notice date and recipient, if applicable; and evidence of continued listing or sale. Plaintiff will rely on actual supporting records rather than estimates where particular facts are not yet established. SUPPLEMENTATION

45I. Plaintiff intends to seek leave to amend or supplement factual allegations as permitted by Federal Rule of Civil Procedure 15 and applicable court orders. This statement does not itself amend the complaint, excuse any pleading requirement, or extend a deadline.

45J. Plaintiff intends to identify, for each defendant, at least one specifically accused product, its name or identifying description, available listing date, product page or other source, and the particular allegedly copied expressive elements. Plaintiff will distinguish a product from multiple online listings of that product.

45K. Plaintiff intends to provide verified, defendant-specific facts regarding relevant California contacts, if supported by records, including California-directed transactions, shipments, advertising, distribution, or other suit-related conduct. Plaintiff does not rely on nationwide website accessibility alone as proof of personal jurisdiction.

45L. Plaintiff intends to identify the role, if any, of each named legal entity separately from an associated trade name, brand, parent, subsidiary, manufacturer, distributor, or retailer. Allegations against one entity are not automatically attributed to another merely because of corporate affiliation.

45M. Plaintiff intends to identify the date, recipient, method, and content of each documented infringement notice and the particular accused products or listings allegedly remaining available after notice, supported by available records.

45N. Plaintiff intends to provide available side-by-side comparisons connecting each original work and its relevant registration or deposit to accused product
imagery, identifying allegedly copied protectable arrangement, composition, shapes, patterns, or other expressive features rather than general ideas or artistic style.

45O. Plaintiff intends to preserve and identify available screenshots, URLs, product descriptions, archived pages, registration records, correspondence, and related records, and may seek proportionate discovery of relevant materials in defendants' possession, custody, or control. Any later amendment or supplementation remains subject to the governing rules and court orders.

45P. Plaintiff intends to seek leave, to the extent required by Federal Rule of Civil Procedure 15 and applicable orders, to amend or supplement this Complaint with properly identified and lodged exhibits containing Plaintiff's available challenged product listings for each defendant. Plaintiff intends for those exhibits to identify, to the extent supported by available records, the product name or description, retailer or seller, listing URL, capture or listing date, associated artwork, relevant visual comparison, and whether a listing duplicates another listing for the same product.

45Q. Plaintiff intends to lodge or submit the available listing exhibits with appropriate numbering and an exhibit index, subject to applicable filing, evidentiary, privacy, and procedural requirements. Lodging exhibits does not, by itself, make them part of this operative Complaint or establish their accuracy, admissibility, or the underlying claims. Plaintiff will request leave to attach, incorporate, or rely on such exhibits

where required, and will distinguish the total number of observed listings from unique products, completed sales, or recoverable damages.

45R. Plaintiff intends that the listing exhibits encompass all challenged listings within Plaintiff's retained and verified records for the nine defendant groups, subject to subsequent authentication and any directions of the Court. Plaintiff does not represent that the listing exhibits have already been lodged or accepted unless reflected in the court record. COUNTS

45S. Based on Plaintiff's identified online listings and reverse-image-search records, Plaintiff alleges the following numbers of challenged listings associated with the named brands: LOEWE, 338; LOUIS VUITTON, 29; AFRM, 40; WACKO MARIA, 200 or more; KHRISJOY, 101; CHOPOVA LOWENA, 18; JUNYA WATANABE, 19; and STAUD, 258. The sum for these eight brand groups is at least 1,003 challenged listings. Plaintiff also alleges multiple challenged ALEMAIS products in the Soleil line, but does not presently assert a verified ALEMAIS listing count.

45T. These figures describe challenged online listings associated with the brands, not independently verified unique products, manufactured units, completed sales, distinct acts of infringement, or amounts of recoverable damages. Multiple sellers or pages may list the same item. The counts are allegations based on Plaintiff's records and remain subject to authentication, correction, and discovery.

45U. Plaintiff intends to seek leave where required to amend or supplement the pleading with properly identified exhibits documenting all challenged listings in her retained and verified records, including associated product names or descriptions, available URLs, dated screenshots, relevant copyrighted works, and comparisons of allegedly

copied protected expression. Plaintiff does not assert that such exhibits have already been lodged or accepted by the Court merely by stating this intention.

45V. Plaintiff will attach a separately identified defendant list as Exhibit A before filing this Complaint. The caption identifies the presently named defendant groups. To the extent Exhibit A identifies additional persons or entities not named in the operative pleading, Plaintiff will seek leave to amend where required by Rule 15 and applicable Court orders; listing an entity in an exhibit alone does not make it a party or establish service or jurisdiction.

45W. Plaintiff prosecutes this action for alleged copyright infringement involving unauthorized tracing, reproduction, alteration, and uploading of images derived from Plaintiff's original artwork onto merchandise and commercial product listings. Plaintiff alleges the challenged images were displayed and used to market products for financial gain. The identities of the persons who performed the tracing or uploading, and the amounts of actual sales or profits, remain subject to proof.

45X. Plaintiff is prosecuting this action and respectfully apologizes to the Court to the extent the length of the pleading creates inconvenience. Plaintiff includes defendant-specific allegations and references to numerous challenged listings to identify the scope of the alleged conduct. Plaintiff does not intend the length of the pleading to excuse compliance with Rule 8 or applicable court orders. DISPUTED ATTRIBUTION — WACKO MARIA AND JUNYA WATANABE

45Y. Plaintiff alleges that challenged WACKO MARIA product listings attributed imagery Plaintiff claims was derived from The Watchers / Watcher's Collage to Basquiat, and that challenged JUNYA WATANABE product listings attributed imagery Plaintiff claims was derived from

Golden Strings to Keith Haring. Plaintiff disputes those attributions and alleges they were used in commercial promotion. Plaintiff will identify the particular listings, statements, speakers, dates, and allegedly misleading source representations through supporting records.

45Z. Plaintiff seeks leave to amend, if necessary and supported by additional facts, to assert a false-designation-of-origin claim under 15 U.S.C. § 1125(a)(1)(A) against the legally responsible WACKO MARIA and JUNYA WATANABE entities. Plaintiff recognizes that attribution of authorship of a creative work alone does not necessarily establish a Lanham Act origin claim; any such claim must concern actionable misrepresentation of the origin, sponsorship, or approval of goods or services and satisfy all other elements. No such separate claim is asserted as established merely by this statement.

45AA. Plaintiff requests leave to amend the pleading under Federal Rule of Civil Procedure 15(a)(2), to the extent required, to correct deficiencies, clarify responsible entities, and add verified product-specific facts, California contacts, notice records, and legally sufficient claims. Plaintiff intends to attach the defendant list herself before filing and to seek permission where required to submit or incorporate exhibits covering all challenged listings in her retained records. No proposed list alone adds defendants, and no future amendment or exhibit is deemed filed by this statement.

45AB. Plaintiff incorporates paragraphs 45W through 45AA into the copyright allegations below to the extent applicable, without representing that the proposed false-designation claim has already been established.

45AC. Plaintiff identifies additional payment processors, online aggregators, and retail platforms in the exhibits she intends to attach.

Those exhibits are offered to identify relevant product listings, commercial channels, and potential records concerning the challenged uses. The identification of a platform or processor in an exhibit does not, without corresponding factual allegations and any required amendment and service, make that entity a defendant or establish liability.

45AD. Plaintiff brings this streamlined First Amended Complaint as her operative pleading for the claims stated herein and does not request a separate second complaint. Plaintiff intends to include all available challenged-listing records and the referenced defendant, aggregator, and payment-processor information in the accompanying exhibits, subject to the Court's filing requirements. Any additional claim or party requiring amendment will be presented by a proper motion or amended pleading, if permitted.

45AE. Plaintiff alleges that the challenged conduct includes tracing, copying, fragmenting, modifying, and uploading images derived from her original artwork onto merchandise and commercial listings to advertise or offer products for financial gain. The identity of the person or legal entity responsible for each act, and actual revenues or profits, remain matters for evidence and discovery. Plaintiff is prosecuting this action and respectfully apologizes to the Court if the length of the pleading is burdensome; the detail is intended to distinguish works, defendants, and challenged listings.

45AF. Plaintiff intends, subject to applicable court rules and orders, to seek leave where required to amend or supplement this Complaint and to lodge or file visual exhibits documenting the alleged tracing, copying, alteration, and commercial uploading of Plaintiff's images; the challenged product listings; and the associated aggregator platforms and

payment processors identified in Plaintiff's records. Plaintiff intends to provide available screenshots, comparisons, URLs, dates, and relevant transaction or platform information. These materials are not represented as already lodged or admitted, and identification of a platform or payment
processor in an exhibit does not alone make that entity a defendant or establish liability.

IV. CLAIM FOR RELIEF — COPYRIGHT INFRINGEMENT

46. Plaintiff incorporates paragraphs 1 through 45AF as though fully set forth here, separately as to each identified work and each defendant alleged to be responsible for the challenged use.

47. Plaintiff alleges that she owns valid copyrights in the works identified in paragraph 5, subject to the scope of the applicable registrations and deposit records.

48. Plaintiff alleges that, without authorization, each responsible defendant reproduced, prepared derivative works from, distributed copies of, or publicly displayed protectable expression from the corresponding Plaintiff's work. Plaintiff alleges that the challenged imagery appears on products marketed or offered for sale in connection with that defendant.

49. Plaintiff alleges that the accused imagery is substantially similar to protectable expression in her works. Her allegations concern specific expressive details, fragments, drawn elements, outlines, and their selection, arrangement, and placement, not merely common ideas, general styles, subjects, or motifs.

50. Plaintiff alleges that the challenged conduct infringes the exclusive rights provided by 17 U.S.C. § 106 and constitutes infringement under 17

U.S.C. § 501. The identity of the person or entity that created, approved, manufactured, marketed, distributed, or displayed the challenged material, and the acts attributable to each named legal entity, must be established through evidence.

V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against each Defendant found liable and seeks:

A. A determination of liability for copyright infringement;

B. All profits made by each liable Defendant from the accused merchandise, including sales, licensing and distribution profits attributable to infringement under 17 U.S.C. § 504(b);

C. Actual damages caused by the infringement and additional infringer's profits not included in those damages, without duplicate recovery;

D. A Defendant-specific accounting of gross revenue reasonably linked to the accused products, including units sold, receipts, licensing revenue, returns and claimed expenses. Under § 504(b), each Defendant must prove deductible expenses and any portion of profits attributable to factors other than the copyrighted work;

E. Discovery of relevant sales ledgers, licensing and distribution records, product catalogs, financial records and evidence identifying responsible entities;

F. Injunctive relief under 17 U.S.C. § 502 and, where supported, relief under § 503;

G. Costs and interest where authorized by law, and such other relief as the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: 11/2/26

Respectfully submitted,

Ryan Abair

Ryan Abair, Plaintiff
General Delivery, Apple Valley, CA 92307-9999
Telephone: (442) 230-9438

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**RYAN ABAIR v. LOEWE et al.**

Case No. 5:26-cv-05884-KK-SPx

DECLARATION OF RYAN ABAIR

I, Ryan Abair, declare as follows:

1. I am the Plaintiff in this action. I have personal knowledge of the matters stated here concerning my own actions and observations, except where expressly identified as allegations or matters requiring further verification.

2. I created the original artwork identified in the First Amended Complaint. I conducted reverse-image searches and compared images of my artwork with images displayed in challenged commercial listings, as described in that pleading.

3. I intend, subject to the Court's applicable procedures and any required permission, to lodge or file visual comparison exhibits, challenged listing records, and available records identifying aggregator platforms and payment processors associated with those listings.

4. The exhibit materials are not represented as already lodged or admitted merely because they are referenced in the complaint. Listing counts do not necessarily establish distinct products or completed sales.

5. I am prosecuting this action and request the opportunity to provide additional verified records and, where required, seek leave to amend.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my personal knowledge.

Executed on: 11/2/26 at: Riverside, California.

Signature: ____________________

Ryan Abair, Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**RYAN ABAIR v. LOEWE et al.**

Case No. 5:26-cv-05884-KK-SPx

CERTIFICATE OF FORMAT AND COMPLIANCE

I, Ryan Abair, certify that this submitted draft has been prepared on numbered pleading-paper pages using 12-point serif type and consecutively numbered complaint pages.

The declaration and this certificate are separately captioned pages. The proposed order is a separate, unnumbered page for the Court's consideration.

This certificate concerns the stated formatting features only. It does not certify that the pleading complies with every applicable local rule, standing order, service requirement, or substantive pleading requirement.

Dated: 11/2/2026

Signature: [signature]

Ryan Abair, Plaintiff

AFRM

New Arrivals Shop All Best Sellers Dresses Tops Outerwear Icons Active Loungewear

Men Accessories Sale

# Shipping & Delivery

**Orders placed after Friday at 11am PST and throughout the weekend will not ship until Monday morning.**

**Domestic USA Orders**

Enjoy free ground shipping on orders over $100, after discounts are applied and not including tax, within the continental United States. Expedited shipping options are also offered and should be ordered before 11am PST to ensure timely delivery. You have the option to request a required signature upon delivery of your package in the notes section in your shopping cart. All orders valued at over $500 will automatically be shipped with signature delivery confirmation required.

| Shipping Options | Shipping Speed | Cost |
|---|---|---|
| Ground | 5-7 DAYS | $9.95 for orders under $100<br><br>FREE on all orders over $100 |
| 2-Day Air | 2 DAY (Order before 11am PST) | $14.99 |
| Next Day Air | 1 DAY (Order before 11am PST) | $40.00 |

**International Orders**

AFRM offers international shipping with real time shipping rates and delivery estimates displayed at checkout. Duties & taxes are also calculated upfront. Standard and express shipping options for international orders are offered at checkout. Once your order ships, you'll receive a confirmation email with a tracking link so you can follow your delivery.

khrisjoy.com

KHRISJOY

# SHIPPING

**DO YOU SHIP WORLDWIDE?** —

Yes, we ship all over the world.

**HOW MUCH WILL IT COST TO SHIP TO MY COUNTRY?** —

We offer a free shipping service on all your orders.

**DO YOU COVER DUTIES AND CUSTOMS?** —

Yes, all the duties are included in the purchase price.

**HOW LONG WILL IT TAKE TO RECEIVE MY ORDER?** +

**WHAT COURIER DO YOU USE?** +

**CAN I CANCEL OR EDIT MY ORDER?** +

**HOW CAN I CHECK MY ORDER STATUS?** +

**MORE QUESTIONS?** +

Back to store locator

LOEWE Rodeo Drive

Get directions

## Address

327 N Rodeo Drive
Beverly Hills
+1 310 388 6771

Get directions

## Opening hours

• Closed

| | |
|---|---|
| Monday | 10:00 - 18:00 |
| Tuesday | 10:00 - 18:00 |
| Wednesday | 10:00 - 18:00 |
| Thursday | 10:00 - 18:00 |
| Friday | 10:00 - 18:00 |
| Saturday | 10:00 - 19:00 |
| Sunday | 11:00 - 18:00 |

## Contact

+1 310 388 6771

## Departments

Women's RTW
Men's RTW
Fragrances
Women's bags & small leather goods
Women's shoes
Men's bags & small leather goods
Men's shoes
Jewellery
Home scents

## Store type

LOEWE Stores

chopovalowena.com

46

WE COVER ALL DUTIES AND TAXES ON USA ORDERS

SHOP COLLECTIONS

CHOPOVA LOWENA

USD

## SHIPPING

All orders are shipped from our studio in London, UK. Please allow 1 to 10 business days for us to process and dispatch your order.

We ship worldwide. Shipping rates are determined by your destination country and are displayed at checkout.

A delivery timeframe will be available once tracking information is provided. Any delays once the parcel is in transit are out of our control, but we will do our best to assist if any issues arise.

All delivery costs, including customs and duties, are the responsibility of the customer.

*If you need your order to arrive by a specific date, please contact us before placing your order. We can recommend the best shipping option and do our best to accommodate your timing.

## CUSTOMS & DUTIES

Orders shipped within the UK will not be subject to customs or duties.

Orders shipped to the USA are shipped duties paid and will not incur additional duties and import taxes.

International orders with delivery destinations outside of the UK and USA may be subject to customs, duty fees, and taxes the customer will be liable to pay. We are not responsible for any parcels returned for unpaid fees and will not issue refunds under these circumstances.

## PREORDER ITEMS

If your order contains preorder items, your full order will ship once all items in the order are ready to ship, even if some items in your order are available now. If you would like available items to ship immediately, please place a separate order.

Shop Discover Journal ALÉMAIS Search Login Cart

| Location | Carrier | Estimate |
|---|---|---|
| Metro - All states excl. NT | AusPost | 1–3 business days |
| Regional - NSW, VIC, QLD, SA & TAS | AusPost | 2–5 business days |
| Regional - WA & NT | AusPost | 3–7 business days |

*Please note that the above timeframes are subject to AusPost delays

**Standard Post**
Complimentary for all orders

| Location | Carrier | Estimate |
|---|---|---|
| Metro - All states excl. NT | AusPost | 2–7 business days |
| Regional - NSW, VIC & SA | AusPost | 3–5 business days |
| Regional - QLD, WA, TAS & NT | AusPost | 4–12 business days |

*Please note that the above timeframes are subject to AusPost delays

**UNITED STATES**
Complimentary ground shipping for all orders

| Service | Carrier | Estimate | Cost |
|---|---|---|---|
| Ground | UPS | 2-5 business days | Complimentary |
| 2nd Day | UPS | Within 2 business days* order placed before 12pm (GMT-4) | 10 |
| Next Day | UPS | Within 1 business day* order placed before 12pm (GMT-4) | 20 |

Please note if an item is not available for fulfilment from our US location, it will ship internationally via DHL and will only be eligible for the following rates. This will be displayed to you at the checkout.

| Service | Carrier | Estimate | Cost |
|---|---|---|---|
| Standard | DHL | 5-9 business days | Complimentary |
| Express | DHL | 3–4 business days | 10 |

wackomaria.paradisetokyo.jp

| | |
|---|---|
| Operation manager | Naoto Ishiwatari |
| Location | 2-3-2 Higahiyama Meguro Tokyo, Japan 1530043 |
| Contact information | paradise_tokyo@wackomaria.co.jp |
| Shipping fee and other | Fees other than the product price<br>The shipping fee will vary depending on the destination. Please check when ordering. |
| Order expiration date | Order expiration date<br>Within 7 days after ordering.<br>If you do not receive the order confirmation email, please contact us by phone or email. |
| Defectives items | Defectives<br>In case of defective, damaged or missdelivered items, please contact us and return it within 7 days. We will exchange it with a new product.<br>If exchange is not possible, we will refund you. |
| Sales quantity | Sales quantity<br>Please check each product page. Some products are sold at the same time at the store and online store.<br>We secure inventory immediately after confirming the order, but please understand that it may be sold out by a small margin. |
| Delivery | Delivery<br>We will ship within 7 days after ordering. |
| Payment method | Payment method<br>Credit card |
| Return policy | Return Policy<br>We accept returns and exchanges only within 7 days of the arrival of the item, if the item is damaged or if the item you received is different from your order.<br>We do not accept returns due to customer's convenience such as size exchange. |
| Return shipping fee | Return shipping fee<br>If it is a defective product, we will cover the cost. |
| Shipping method | Shipping method and Shipping fee<br>We will ship by FedEx.<br>The shipping fee is listed in the price other than the product price.<br>Import duty will be covered by the recipient. |

JUNYA WANTABE

**umbrella of Comme des Garçons Co., Ltd.**. Because it does not maintain a standalone, publicly listed corporate entity or legal division, all formal legal matters, service of process, and intellectual property enforcement are handled directly through the parent organization, **Comme des Garçons**, and its regional corporate entities.

The key corporate contacts and headquarters handling operations and legal correspondence for the group include:

## 🇯🇵 Global Headquarters (Japan)

- **Entity:** Comme des Garçons Co., Ltd.
- **Corporate Address:** 5-11-5 Minami-Aoyama, Minato-ku, Tokyo 107-0062, Japan
- **Context:** This is the brand's primary global headquarters and the site of the Junya Watanabe design atelier.

## 🇺🇸 United States Operations

- **Entity:** Comme des Garçons Ltd. / Comme des Garçons New York
- **Office Address:** 520 W 22nd Street, New York, NY 10011
- **Telephone:** +1 212-604-9200
- **Fax:** +1 212-414-8845
- **General Corporate Email:** info@cdgny.com

## 🇪🇺 European Corporate Headquarters

- **Entity:** Comme des Garçons International
- **Registered Office Address:** 16 Place Vendôme, 75001 Paris, France
- **Main Operations/Showroom Address:** 56 rue du Faubourg Saint-Honoré, 75008 Paris, France
- **Telephone:** +33 1 5330 2727
- **Corporate Desk Email:** idea@comme-des-garcons.com


Menu
Search
LOUIS VUITTON
Change country/region?
You are visiting Louisvuitton.com from United States. Would you like to update your localization?
Country/Region
USA
Confirm
ontact an advisor



Locate in store

United States

Use my current location

Show only stores where the product is available

List Map

● Sizes 46 - Out of stock

Louis Vuitton San Francisco Union Square
233 Geary Street, CA 94102, San Francisco, UNITED STATES

● Sizes 46 - Out of stock +

Louis Vuitton South Coast Plaza Costa Mesa
3333 Bristol Street,, Suite #2500, CA 92626, Costa Mesa, UNITED STATES



< Locate in store

United States

Use my current location

☐ Show only stores where the product is available

List Map

● Sizes 46 - Out of stock +

Louis Vuitton Beverly Hills Rodeo Drive Men's

420 North Rodeo Drive, CA 90210, Beverly Hills, UNITED STATES

● Sizes 46 - Out of stock +

Louis Vuitton Las Vegas Wynn

3131 Las Vegas Blvd S, Wynn Esplanade, Suite 11, NV

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Case No.: 5:26-cv-05884-KK-SPx

RYAN ABAIR, Plaintiff, v. LOEWE, et al., Defendants.

**[PROPOSED] ORDER REGARDING PROPOSED FIRST AMENDED COMPLAINT**

Having considered Plaintiff's request to file the proposed First Amended Complaint and the applicable procedural record, the Court ORDERS:

1. Leave to file the proposed First Amended Complaint is GRANTED to the extent leave is required under Rule 15. The Clerk shall file the approved pleading as the operative complaint.

2. To the extent a comparison or redlined copy would otherwise be required, Plaintiff's request to dispense with that additional copy is GRANTED for this submission only.

3. Service and response deadlines are governed by Rules 4, 5, 12, and 15, as applicable, and any further order. This order does not adjudicate liability, damages, registration, tolling, personal jurisdiction, or the addition of absent parties.

IT IS SO ORDERED.

Date of signature: ____________________

_______________________________________

UNITED STATES DISTRICT JUDGE