UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-05884-KK-SPx** | Date: | November 17, 2026 |
|---|---|---|---|
| Title: | ***Ryan Abair v. Loewe, et al.*** | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: (In Chambers) Order DISMISSING the First Amended Complaint WITH LEAVE TO AMEND [Dkt. 30]**

## I. INTRODUCTION

On November 2, 2026, pro se plaintiff Ryan Abair ("Plaintiff") filed the operative First Amended Complaint ("FAC") against nine defendants, alleging copyright infringement pursuant to the Copyright Act, 17 U.S.C. §§ 106 and 501. ECF Docket No. ("Dkt.") 30, FAC. For the reasons set forth below, the FAC is **DISMISSED WITH LEAVE TO AMEND**.

## II. BACKGROUND

On October 5, 2026, Plaintiff commenced this action by filing a Complaint against defendants Loewe, Louis Vuitton, Topson Downs, LLC, Wacko Maria, Khrisjoy, Chopova Lowena, Alemais, Junya Watanabe/Comme Des Garcons, and Staud (collectively, "Defendants"). Dkt. 1.

On November 2, 2026, Plaintiff filed the operative FAC, alleging she owns various "original visual works" and Defendants "without her authorization [] traced, copied, reproduced, altered, uploaded, publicly displayed, advertised, and commercially exploited protected visual expression from Plaintiff's original artwork." FAC at 2-3. Section III of the FAC sets forth individualized allegations against each defendant following a uniform template. Id. ¶¶ 10-45. For each defendant, Plaintiff alleges she discovered the infringement through "reverse-image searches" and "side by side" comparisons of her original work against products "associated with" that defendant. Id. ¶¶ 10, 14, 18, 22, 26, 30, 34, 38, 42. She then identifies the specific work at issue and alleges Defendants

"separated into fragments, flipped or mirrored, traced, repositioned, or otherwise modified and incorporated into already marketed products" her visual material, including the "components," "elements," "arrangement," "expressive details," and "illustrative segments" from her original work. See id. ¶¶ 11, 15, 19, 23, 27, 31, 35, 39, 43. Each defendant is alleged to have infringed a distinct work. See id. ¶¶ 10, 14, 18, 22, 26, 30, 34, 38, 42. Finally, Plaintiff states a number of "challenged listings" associated with that defendant and alleges "the displayed items were offered for hundreds or thousands of dollars per product." Id. ¶¶ 12, 16, 20, 24, 28, 32, 36, 40, 44.

In a subsequent section entitled "Supplementation," Plaintiff states she "intends to identify" additional supporting facts, including "at least one specifically accused product [for each defendant], its name or identifying description, available listing date, product page or other source, and the particular allegedly copied expressive elements." Id. at 17-19. Under "Damages," Plaintiff alleges she provided notice of her "ownership claims" to each defendant and the "advertised prices for challenged merchandise included amounts in the hundreds or thousands of dollars." Id. at 16. In her "Prayer for Relief," Plaintiff seeks, among other things, "[a]ll profits made by each liable Defendant from the accused merchandise" and "actual damages caused by the infringement." Id. at 24.

## III.
## LEGAL STANDARDS

Under Federal Rule of Civil Procedure ("Rule") 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (citation modified). Rule 8 "has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (citation modified).

"When a complaint fails to comply with the requirements of Rule 8(a), the district court has the power, on motion or sua sponte, to dismiss the complaint." Marshall v. United Nations, 2006 WL 1883179, at *3 (E.D. Cal. July 6, 2006) (citing Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)); accord Velasco v. Sec. Nat. Mortg. Co., 823 F. Supp. 2d 1061, 1066 (D. Haw. 2011), aff'd, 508 F. App'x 679 (9th Cir. 2013) (holding courts may "sua sponte dismiss a complaint for failure to comply with Rule 8"). Dismissal is proper even if "a few possible claims" can be identified and the complaint is not "wholly without merit." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (stating Rule 8's requirements apply "to good claims as well as bad").

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citation modified). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003). Additionally, the court need not accept as true "a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Furthermore, under Rule 20(a)(2), permissive joinder of defendants is proper if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The "same transaction" requirement of Rule 20 refers to "similarity in the factual background of a claim"; claims that "arise out of a systematic pattern of events" arise from the same transaction or occurrence. Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir.1997). In addition, "the mere fact that all [of a plaintiff's] claims arise under the same general law does not necessarily establish a common question of law or fact." Id. at 1351. Pursuant to Rule 21, if a court finds misjoinder of parties, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

## IV.
## DISCUSSION

### A. THE FAC FAILS TO COMPLY WITH RULE 8

Here, the FAC violates Rule 8 for several reasons.

First, the FAC is an impermissible "shotgun pleading" that fails to provide each defendant with adequate notice of the claims against them and the grounds upon which they rest. See Gibson v. City of Portland, 165 F.4th 1265, 1288 (9th Cir. 2026). While the Court acknowledges Plaintiff's effort to structure subsections with defendant-specific allegations and identification of particular works at issue, the substance remains "conclusory and vague." Id. at 1292. Plaintiff recites identical language – alleging visual material was "separated . . . flipped or mirrored, traced, repositioned, or otherwise modified" – across all nine Defendants without alleging how each defendant's specific product design(s) or listing(s) infringed her work, other than referencing numbers of "challenged listing[s]" that total over 1,000 across all Defendants. See FAC ¶¶ 10-45. "The nature of these allegations obscure[s] each Defendants' conduct underlying the claims and leave Defendants guessing about the nature of the alleged wrongdoing." Bostick v. Intuit, Inc., No. 3:26-CV-01444-H-VET, 2026 WL 2677271, at *5 (S.D. Cal. Sept. 11, 2026).

Furthermore, although the FAC's "Supplementation" section asserts Plaintiff "intends to identify," among other things, specific infringing products, the FAC's omission of these facts leaves Defendants without fair notice of what each of them allegedly did wrong and the extent of the claimed harm. See Gibson 164 F.4th at 1294 ("How is a defendant or a court to assess a plaintiff's allegations if we do not know who did what and, instead, are offered only 'unadorned, the-defendant-unlawfully-harmed-me accusation[s]'?") (quoting Iqbal, 556 U.S. at 678)). For similar reasons, because Plaintiff fails to adequately plead each defendant's infringement, the "Damages" and "Prayer for Relief" sections fall short of alleging sufficient facts to support profit disgorgement or any "actual damages caused by the infringement," FAC at 24. See United States v. Genentech, Inc., No. CV 26-00553-MWC-Ex, 2026 WL 3184141, at *2 (C.D. Cal. Aug. 19, 2026) (finding plaintiff's FAC violated Rule 8 due to omission of the amount, types, and statutory authority for damages). Hence, the FAC fails to provide Defendants and the Court with "sufficient notice of the claims and their basis," undermining the "fundamental purpose of Rule 8." Gibson, 165 F.4th at 1290.

Second, as the Ninth Circuit has recently recognized, deficient pleadings like the FAC are "inconsistent with Rule 1's dictate that the Federal Rules should 'promote the just, speedy, and inexpensive determination of every action and proceeding'" because it is "not just, speedy, or inexpensive to force opposing parties and courts to separate the wheat from the chaff in a complaint." Id. (citing Fed. R. Civ. P. 1).

Accordingly, the FAC is **DISMISSED** for failure to comply with Rule 8.

## B. THE FAC FAILS TO PROPERLY JOIN DEFENDANTS OTHER THAN LOEWE UNDER RULE 20(a)(2)

Separate and apart from the Rule 8 defects, the FAC also violates Rule 20(a)(2) by improperly joining nine unrelated defendants.

First, the FAC fails to satisfy Rule 20's "same transaction" requirement because Plaintiff's allegations of independent copyright infringements across distinct works do not "arise out of a systematic pattern of events." Coughlin, 130 F.3d at 1350. Courts in this circuit have repeatedly held defendants "who merely infringe the same [copyright] do not satisfy the same occurrence and transaction requirement." N. Face Apparel Corp. v. Dahan, No. CV 13-04821-MMM-MANx, 2014 WL 12596716, at *5 (C.D. Cal. Mar. 14, 2014); see also Golden Scorpio Corp. v. Steel Horse Bar & Grill, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009) ("[A]llegations against multiple and unrelated defendants for acts of patent, trademark, and copyright infringement do not support joinder under Rule 20(a)"). Here, Plaintiff has not even alleged infringement of the same copyright; rather, Plaintiff alleges nine separate entities infringed nine distinct works with no shared subject matter. See FAC ¶¶ 11, 15, 19, 23, 27, 31, 35, 39, 43. Hence, the "same transaction" requirement is not met. Moreover, Plaintiff's mere allegation that Defendants all "engaged in similar misconduct against [her]" is "an insufficient basis on which to join them in this suit." Adobe Sys. Inc. v. A & S Elecs., Inc., No. C 15-2288 SBA, 2016 WL 9114001, at *3 (N.D. Cal. June 20, 2016). Furthermore, the FAC "is entirely devoid of any allegations that Defendants conspired with one another" and "does not seek joint or several liability against Defendants." Bravado Int'l Grp. Merch. Servs. v. Cha, No. CV 09-09066-PSG-CWx, 2010 WL 2650432, at *4 (C.D. Cal. June 30, 2010) (reasoning the total absence of conspiracy allegations or joint liability of defendants for copyright infringement renders joinder improper). Hence, the FAC fails to allege Plaintiff's asserted right of relief arises out of the "same transaction" to properly join Defendants under Rule 20(a)(2).

Second, the FAC fails to satisfy Rule 20's "common question" requirement because Plaintiff's parallel allegations under the Copyright Act do not create a common question of law or fact. See Coughlin, 130 F.3d at 1351. Because Plaintiff alleges Defendants all infringed distinct works, see FAC ¶¶ 11, 15, 19, 23, 27, 31, 35, 39, 43, establishing liability for each of them requires entirely separate factual inquiries. See id. Additionally, any similarity or "sameness" of the allegedly infringed works do not create a "common question" because Plaintiff's claims against Defendants do not share any operative facts. Kirakosian v. J&L Sunset Wholesale & Tobacco, No. CV 16-06097-CAS-AJWx, 2017 WL 3038307, at *2 (C.D. Cal. July 18, 2017) ("[T]he sameness of the accused products . . . is not sufficient to join independent defendants in an infringement action unless the claims asserted against each defendant share an aggregate of operative facts . . . and not just distinct, albeit coincidentally identical, facts."). Hence, the FAC fails to allege Plaintiff's asserted right of relief involves "common questions of law or fact" to properly join Defendants under Rule 20(a)(2). See Coughlin, 130 F.3d at 1351.

Accordingly, the FAC fails to properly join all defendants other than the first-named defendant, Loewe, in compliance with Rule 20(a)(2).

### C. PLAINTIFF IS GRANTED LEAVE TO AMEND

Leave to amend should be "freely given," Foman v. Davis, 371 U.S. 178, 182 (1962); see also Fed. R. Civ. P. 15(a)(2), except where amendment "would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit," Jackson v. Bank of Haw., 902 F.2d 1385, 1387 (9th Cir. 1990). Here, leave to amend would not prejudice Defendants or produce undue delay. Furthermore, because the Court cannot conclude amendment would be futile, "Plaintiff[] should have an opportunity to replead their complaint, consistent with the[] standards" set forth above. Id. at 1295. Accordingly, the FAC is **DISMISSED WITH LEAVE TO AMEND**.

## V. CONCLUSION

For the reasons set forth above, the FAC is **DISMISSED WITH LEAVE TO AMEND**.

**No later than fourteen (14) days from the date of this Order,** Plaintiff shall file a Second Amended Complaint ("SAC") consistent with Rule 8. Plaintiff shall lodge as an exhibit a redlined version of the amended pleading indicating all additions and deletions of material. **Plaintiff is expressly warned failure to file a SAC will result in this action being dismissed for failure to prosecute and comply with Court orders. See Fed. R. Civ. P. 41(b).** Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).

**Plaintiff is further warned in any SAC, she must either: (1) allege specific, non-conclusory facts establishing a proper basis for permissive joinder across all named defendants under Rule 20(a)(2); or (2) limit her SAC to claims against the first-name defendant, Loewe.** Should Plaintiff file a SAC that fails to allege sufficient facts in compliance with Rule 20(a)(2), the Court will dismiss defendants Louis Vuitton, Topson Downs, LLC, Wacko Maria, Khrisjoy, Chopova Lowena, Alemais, Junya Watanabe/Comme Des Garcons, and Staud, pursuant to Rule 21 without further notice. Plaintiff is also warned **failure to timely file an amended complaint that complies with this Order will result in dismissal without leave to amend.**

**IT IS SO ORDERED.**